IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN YORK and CAROLINE YORK,
       Plaintiffs,

v.                                                                           Civil Action No. 3:19-cv-507

NATIONWIDE GENERAL INSURANCE
COMPANY,
       Defendant.

## OPINION

The plaintiffs, John and Caroline York ("the Yorks"), took out a homeowner's insurance policy with Nationwide General Insurance Company ("Nationwide") that covered fire damage. After a fire damaged the Yorks' home, the Yorks submitted claims to Nationwide under the policy. Nationwide paid some, but not all, of the claims. The Yorks have sued Nationwide for failing to fully satisfy their claims.

Nationwide now moves to dismiss, arguing that a limitations provision in the policy bars this action. The Court will grant the motion to dismiss because the limitations period passed more than three years ago, and the principles of equitable estoppel do not prevent the application of the limitations provision.

## I. FACTS

On May 16, 2014, a fire damaged the Yorks' home. The Yorks had a homeowner's insurance policy with Nationwide that covered fire damage. Following the fire, the Yorks submitted claims for the fire damage and provided all requested documentation. Nationwide has paid some of the claims on the policy, but it has not paid all of them.

The Yorks filed their complaint on May 14, 2019, alleging that Nationwide breached the insurance policy by failing to fully satisfy the Yorks' claims. Nationwide alleges in its motion that

the policy contains a provision that requires policyholders to bring an action within two years of the loss or damage.[1] Because the fire occurred on May 16, 2014, Nationwide argues that the limitations period expired more than three years ago.

## II. DISCUSSION[2]

The limitations provision in the policy follows Virginia Code § 38.2-2105(A), which requires all fire insurance policies to contain a provision requiring the insured to bring suit under the policy within two years of the inception of the loss.[3] "Virginia law is settled that the 'inception of the loss' occurs at the time of the fire." *Swiacki v. State Farm Fire & Cas. Co.*, No. 1:09-cv-647, 2009 WL 10688150, at *1 (E.D. Va. July 10, 2009). All fire insurance policies must contain

---

[1] The provision states, "Suit against us. No action can be brought against us unless there has been full compliance with the policy provisions. Any action must be started within two years after the date of loss or damage." (Dk. No. 3-1, at 24.)

[2] Nationwide has moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[3] Courts typically focus only on the complaint, documents attached to the complaint, and documents explicitly incorporated into the complaint by reference when evaluating a motion to dismiss. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). In appropriate cases, however, courts may also (1) take judicial notice of public records, such as state court records, and (2) consider documents submitted by the movant if the documents are integral to the complaint and indisputably authentic. *Id.*; *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006). Here, the Yorks do not dispute the authenticity of the policy attached to the defendant's motion to dismiss, and the policy is integral to the complaint because the claim is based entirely on the policy. *See Standard Fire Ins. Co. v. Proctor*, No. 3:10cv655-HEH, 2011 WL 3269633, at *3 (E.D. Va. July 29, 2011). Thus, the Court considers the policy and its provisions in this Opinion.

2

the exact language of § 38.2-2105(A) or language no less favorable. *See* Va. Code Ann. §§ 38.2-2105(A), 38.2-2107(A). Thus, under the policy, the Yorks should have brought this action no later than May 16, 2016.

The Yorks argue, however, that equitable estoppel prevents Nationwide from asserting a limitations defense because Nationwide lured the Yorks into a false sense of security by paying some of the claims and continuing to ask for information and documentation. The doctrine of equitable estoppel "bars a statute of limitations defense by a defendant whom by his own conduct, lulls another into a false sense of security." *Neal v. Stryker Corp.*, No. 1:11-cv-62, 2011 WL 841509, at *3 (E.D. Va. Mar. 8, 2011). The defendant must also act "with the aim of lulling [the plaintiff] into a false sense of security concerning the statute of limitations." *Cominelli v. Rector & Visitors of the Univ. of Va.*, 589 F. Supp. 2d 706, 718 (W.D. Va. 2008).

"When faced with a Rule 12(b)(6) motion to dismiss, 'where it is apparent that the statute of limitations expired before the filing of the plaintiff's complaint, the plaintiff has the burden of pleading facts that would support a finding that equitable estoppel applies.'" *Snap v. Lincoln Fin. Sec. Corp.*, No. 5:17-cv-00059, 2018 WL 1144383, at *5 (W.D. Va. Mar. 2, 2018) (quoting *Neal*, 2011 WL 841509, at *3). If the plaintiff fails to meet this burden, the Court will dismiss the action. *Id.*

Here, the Yorks merely allege that Nationwide lured them into a false sense of security by paying some of the claims and requiring the Yorks to continue to provide documentation, inventories, and damage estimates. (Dk. No. 1-1, at ¶¶ 10, 11, 12.) The Yorks do not plead any facts showing that Nationwide made any affirmative misrepresentations or acted "with the aim of" getting the Yorks to delay filing a lawsuit until after the limitations period had already expired. *Cf. Bilicki v. Windsor-Mount Joy Mut. Ins. Co.*, 954 F. Supp. 129, 133 (E.D. Va. 1996) (rejecting

an equitable estoppel claim on summary judgment and holding that making partial payments and entering into settlement negotiations did not constitute affirmative acts or misrepresentations that lulled the plaintiffs into inaction).

To the extent that Nationwide made any misrepresentations after the two-year limitations period had already expired, the misrepresentations would not have delayed a viable suit because the limitations provision already barred this action. *See Caviness v. Derand Res. Corp.*, 983 F.2d 1295, 1302 (4th Cir.1993) ("The doctrine of equitable estoppel has been applied only where a defendant has misled a plaintiff, causing that plaintiff to delay filing a viable suit until after that suit becomes barred by a statute of limitations."); *Sewraz v. First Liberty Ins. Corp*, No. 3:10-cv-120, 2012 WL 12438, at *5 (E.D. Va. Jan. 3, 2012).

Thus, the principles of equitable estoppel do not prevent the application of the limitations provision in this case. Because more than two years have passed since "the date of the loss of damage," the limitations provision in the policy bars the Yorks' claim. *See* Va. Code § 38.2-2105; *Swiacki*, 2009 WL 10688150, at *1 ("On multiple occasions, the Supreme Court of Virginia has ruled that § 38.2-2105 is a clear and firm two-year limitations period."). Accordingly, the Court will dismiss this action.

### III. CONCLUSION

The limitations provision in the policy bars the action, and the plaintiff has failed to plead facts showing that the doctrine of equitable estoppel applies. Thus, the Court will grant Nationwide's motion to dismiss.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 3 December 2019
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge